**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN WATKINS, | : | **Hon. Jose L. Linares** |
| Plaintiff, | : | Civil No. 06-1391 (JLL) |
| v. | : |  |
| ATTORNEY GENERAL OF NEW JERSEY, et al., | : | **O P I N I O N** |
| Defendants. | : |  |

**APPEARANCES**:

    KEVIN WATKINS,#159717, Pro Se
    Hudson County Corrections Center
    35 Hackensack Avenue
    South Kearny, New Jersey  07032

**LINARES**, District Judge

    Plaintiff Kevin Watkins, a prisoner incarcerated at Hudson County Correctional Center, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward it to the Clerk of the Court; and (5) directs the agency having custody of Plaintiff  to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00,

until the total of $250.00 is paid in full.  See 28 U.S.C. § 1915(a), (b).  The Court has reviewed the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of certain claims and Defendants is required.

## I.   BACKGROUND

Plaintiff seeks damages for the alleged violation of his constitutional rights arising from his criminal prosecution in the Superior Court of New Jersey, Hudson County.  Plaintiff sues the Attorney General of the State of New Jersey, the Hudson County Prosecutor's Office, Prosecutor Edward J. DeFazio, Assistant Prosecutor Lisa LeDoux, Superior Court Judges Peter Vazquez, Kevin Callahan and Sheila Venable, police officers Raymond Weber, Joseph Stetzle and John Traynor, public defenders Yvonne Segars, Joan Bowser, and Denise Cobham, and public defender pool attorneys Anthony Gualano and Louis Serterides.

Plaintiff asserts the following facts, which are taken at face value for the purposes of this review.  Plaintiff alleges that on November 29, 2004, the police defendants stopped and arrested him based on racial profiling.  He asserts that prosecutors DeFazio and LeDoux failed to properly investigate the charges before presenting the case to a grand jury, and presented hearsay evidence and otherwise misled the grand jury in order to obtain Plaintiff's indictment on numerous criminal charges.  Plaintiff further alleges that the pool attorneys and public

defenders assigned to represent him conspired with the prosecutors to convict him in April 2005, by disclosing confidential information and tricking co-defendants into entering plea agreements.  In addition, Plaintiff maintains that, although a defense investigator interviewed exculpatory witnesses, defense attorneys failed to call any witnesses and failed to perform a timely investigation of Plaintiff's alibi that Plaintiff was purchasing lottery tickets at a different location at the time of the alleged criminal activity.

Plaintiff asserts that the named Superior Court judges violated his constitutional rights by setting a high bail, allowing the indictment to proceed to trial, allowing the prosecution to present hearsay evidence, and failing to order a mistrial based on alleged juror improprieties.  Plaintiff asserts that the first trial ended in a hung jury, but Plaintiff is incarcerated pending retrial on a high bail.  Plaintiff does not specify the relief he seeks for alleged violation of his constitutional rights.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a

plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 325-27 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of

4

the Constitution and the statutes enacted by Congress pursuant thereto." <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." <u>Gibson v. Superintendent of N.J. Dept. of Law and Pub. Safety</u>, 411 F.3d 427, 433 (3d Cir. 2005); <u>see also</u> <u>West v. Atkins</u>, 487

5

U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).

To the extent Plaintiff seeks release, his claim is not cognizable under 42 U.S.C. § 1983 because the exclusive federal remedy for an inmate challenging the fact or duration of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies.[1]  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Moreover, claims for damages against the named Superior Court judges, prosecutors and the state attorney general will be dismissed because those Defendants are absolutely immune from money damages.  The claims against Judges Vazquez, Callahan and Venable must be dismissed because "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 440 (3d Cir. 2000) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-6 (1978)).  Because the alleged wrongdoing by the named New

---

[1] Decisions of the New Jersey State Parole Board are reviewable as of right in the Appellate Division of the New Jersey Superior Court pursuant to N.J. Ct. R. 2:2-3(a)(2). <u>Benson v. N.J. State Parole Bd.</u>, 947 F. Supp. 827, 831 (D.N.J. 1996).  The Court observes that, while Plaintiff allegedly appealed the revocation administratively, he did not exhaust his state court remedies by seeking review before the Appellate Division and the New Jersey Supreme Court.  See <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999); <u>Toulson v. Beyer</u>, 987 F.2d 984 (3d Cir. 1993).

Jersey Superior Court judges consists of judicial acts which are absolutely protected from suit for damages under § 1983, all federal damage claims against the judges will be dismissed under 28 U.S.C. § 1915A(b)(2).

The claims against Prosecutor DeFazio, assistant prosecutor LeDoux and the state Attorney General for allegedly failing to investigate before seeking an indictment, presenting hearsay and misleading evidence to a grand jury to obtain an indictment, and maliciously prosecuting him will also be dismissed on the ground of absolute immunity. A prosecutor is absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118, 124 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). The Hudson County Prosecutor's Office is not subject to suit under § 1983 because the Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves.[2]  Even if the Court

---

[2] The capacity of an entity to be sued is determined by New Jersey law. See Fed. R. Civ. P. 17(b). Under New Jersey law, the Hudson County Prosecutor's Office does not have a legal existence separate from the Hudson County Prosecutor himself. See, e.g., N.J. Const. art. VII, § 2, ¶ 1 (establishing county prosecutor); N.J.S.A. 2A:158-1 et seq. (setting forth appointment process, term, powers and duties of the county prosecutor); cf. Coleman v. Kaye, 87 F.3d 1491, 1499-1502 (3d Cir. 1996); Darby v. Pasadena Police Dept., 939 F.2d 311, 313-4 (5th Cir. 1991) (stating that the police department cannot engage in litigation as an entity except in concert with the government entity

were to construe the claim against the Hudson County Prosecutor's Office to be against the government entity which the County Prosecutor serves, the claim would also be dismissed. A county prosecutor in New Jersey acts on behalf of the State of New Jersey when he or she pursues a criminal prosecution against a criminal defendant, see Coleman v. Kaye, 87 F.3d 1491, 1499, 1505 (3d Cir. 1996), and the Eleventh Amendment bars a damage action under § 1983 against the State of New Jersey, see Hafer v. Melo, 502 U.S. 21, 26 (1991); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332 (1979).

To the extent that Plaintiff wants this Court to enjoin further state criminal proceedings based on alleged racial profiling, due process, or double jeopardy grounds his claims are barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which prohibits unwarranted federal interference in ongoing state criminal proceedings. In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining state criminal proceedings, absent

---

itself); Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (finding that the Office of Sheriff is not a legal entity separate from the sheriff and the county government); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wisc. 1999) (explaining that the district attorney's office cannot be sued as an entity separate from the individual holding the office or the governmental unit on whose behalf the district attorney acts); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (stating that the county prosecutor's office is not an entity subject to suit under § 1983).

extraordinary circumstances.[3]  "The Younger doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff."  Moore v. Sims, 442 U.S. 415, 423 (1979).  Thus, any claims seeking federal court intervention in the criminal proceeding are barred by Younger and will be dismissed.

The remaining claims are against the police officers who arrested Plaintiff and the various pool attorneys and public defenders involved in representing Plaintiff throughout the criminal proceeding which resulted in a hung jury.  The Supreme Court held in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.  Under Heck, § 1983 claims for damages attributable to an unconstitutional conviction or sentence do not accrue until "the conviction or sentence has been reversed on direct appeal,

---

[3] See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (stating that Younger abstention doctrine applies to declaratory judgment actions).

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7; Gibson, 411 F.3d at 447. "Where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad, 540 U.S. at 751; Heck, 512 U.S. at 486-7. Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Muhammad, 540 U.S. at 751. Thus, the Supreme Court directed district courts to determine in each case whether a particular § 1983 claim is deferred because a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, or whether accrual of the claim is not deferred. See Heck, 512 U.S. at 487; Gibson, 411 F.3d at 447. The Heck doctrine has been extended to bar claims where success on the claim would necessarily imply the invalidity of a future criminal

conviction on pending criminal charges.  See Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996).

The Complaint also raises Fourth Amendment and equal protection claims against the named police officers.  Generally, "Fourth Amendment claims can be brought under § 1983, even without favorable termination, if the district court determines that success on the § 1983 claim would not necessarily imply the invalidity of [a future] conviction."  Gibson, 411 F.3d at 448.  But where the only evidence supporting a conviction is obtained through an allegedly unconstitutional stop and search that is the subject of a § 1983 action, a successful judgment on the § 1983 claim would necessarily imply the invalidity of any conviction solely based on the use of that evidence.  Id. at 451-52.

It is not clear from the face of the Complaint in this case whether or not the evidence obtained from the allegedly unconstitutional stop is the only evidence supporting the drug and gun charges pending against Plaintiff.  Thus, it cannot be said at the pleading stage that a successful judgment on Plaintiff's Fourth Amendment claims would necessarily imply the invalidity of a future conviction on the pending gun and drug charges.  This Court will therefore not dismiss Plaintiff's Fourth Amendment claims under Heck at the pleading stage for failure to state a claim upon which relief may be granted.

Plaintiff also asserts that public defenders and court-appointed defense attorneys conspired with prosecutors to gain a conviction by disclosing confidential information, obtaining plea agreements from co-defendants, and failing to adequately and timely investigate Plaintiff's alibi defense.  Although a public defender and court-appointed defense attorney do not generally act under color of state law when they act as defense counsel, see Polk County v. Dodson, 454 U.S. 312 (1981), Plaintiff's allegation of a conspiracy with the prosecution satisfies § 1983's color of state law requirement.  See Tower v. Glover, 467 U.S. 914, 916-20 (1984) (finding that the public defender who allegedly conspired with judges and state attorney general to obtain criminal defendant's conviction was acting under color of state law).  On the facts alleged in this Complaint, this Court cannot find that a favorable judgment against the defense attorney Defendants would necessarily imply the invalidity of Plaintiff's future conviction under Heck.  Plaintiff's allegations of conspiracy clearly relate to his first criminal trial, which he alleges resulted in a hung jury, rather than an acquittal.  However, Plaintiff does not clearly allege that defense counsels' conspiracy with prosecutors to obtain his conviction is continuing during his pending prosecution.  Thus, a favorable judgment on the claim that defense counsel conspired with prosecutors during his first prosecution does not

12

necessarily imply the invalidity of a future criminal conviction on the pending charges.  This Court will not therefore dismiss Plaintiff's claims against the public defenders and pool attorneys at the pleading stage.

## IV.   CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses certain claims and Defendants.

Dated: October 3, 2006

/s/ Jose L. Linares
Jose L. Linares
United States District Judge