## UNITED STATES DISTRICT COURT
District of New Jersey

| | |
|---|---|
| CHAMBERS OF<br>**JOSE L. LINARES**<br>JUDGE | MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

### LETTER OPINION

February 19, 2008

| | |
|---|---|
| Kevin Watkins, #188470<br>Hudson County Corrections, C-5 East<br>35 Hackensack Avenue<br>South Kearny, NJ 07032 | Kelly Ann Austin, Esq.<br>Jersey City Department of Law<br>City Hall<br>280 Grove Street<br>Jersey City, NJ 07302 |

Sonia S. Murray, Esq.
Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625

      Re:    <u>Watkins v. Weber, et al.</u>
              Civil Action No.: 06-1391 (JLL)

Dear Parties:

      This matter comes before the Court by way of Defendants Anthony R. Gualano, Louis Serterides, Denise Cobham, Yvonne S. Segars and John R. Bowser's (hereinafter "Public Defender Defendants")[1] motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has not filed an opposition to this motion.[2] No oral argument was heard. Fed. R. Civ. P. 78.

---

    [1] The Court notes that Police Officers Raymond Weber, Joseph Stetzle, and John P. Traynor are also listed as Defendants in Plaintiff's Complaint (hereinafter referred to as "Police Defendants"). The Police Defendants have not moved for summary judgment, and, therefore, will not be addressed herein.

    [2] Plaintiff has failed to respond to Defendants' motion for summary judgment, which has now been pending for approximately six months. Such motion was electronically filed on August 13, 2007. A review of the motion papers indicates that Defendants filed a certificate of service indicating that Plaintiff was served at the following address: Hudson County Corrections, C-6 East, 35 Hackensack Avenue, South Kearny, NJ 07032. See CM/ECF Docket Entry No. 32. Although Defendants apparently mailed their motion to "C-6 East" rather than "C-5 East" – which is listed as Plaintiff's address on the Court's docket – Defendants have provided the Court with a return receipt card indicating that their motion, which was addressed to the proper street

1

For the reasons that follow, this Court grants the Public Defender Defendants' motion for summary judgment.

**I.     Factual History**[3]

Plaintiff alleges that on November 29, 2004, the Police Defendants stopped Plaintiff and arrested him for unlawful possession of a gun and controlled dangerous substance. On December 12, 2004, the Office of the Public Defender, Hudson Regional Office, assigned pool attorney Anthony Gualano to represent Plaintiff in said criminal matter. (Def. Statement of Material Facts (hereinafter "Def. Statement"), ¶ 4). Plaintiff's case was assigned to a pool attorney – as opposed to a staff attorney – due to a legal conflict. (Cobham Cert., ¶ 2). Pool attorney Gualano appeared at Plaintiff's arraignment on April 4, 2005, and proceeded to represent Plaintiff through July of that year. (Id., ¶ 2). Due to a different legal conflict, however, Ms. Denise Cobham, the Deputy Public Defender of the Hudson Trial Region, reassigned Plaintiff's criminal matter to another pool attorney, Mr. Louis Serterides, on July 15, 2005.  (Id., ¶ 3).

The jury trial in connection with Plaintiff's criminal matter began on November 28, 2005 before the Honorable Sheila Venable in the Superior Court of New Jersey, Hudson County. (Id., ¶ 5). Plaintiff was represented by Mr. Serterides during this trial. Against Mr. Serterides' advice, Plaintiff decided to testify on his own behalf at trial. (Id., ¶ 19). As a result, Mr. Serterides' requested that he be removed as counsel; however, his request was denied. (Id.). Because the jury could not reach a unanimous decision, a mistrial was declared on all counts of the indictment on December 16, 2005. (Id., ¶ 21).

Mr. Serterides subsequently advised Ms. Cobham that he could not proceed with the retrial of Plaintiff's criminal matter, given the contentious nature of the attorney-client relationship which had developed throughout the course of the first trial. (Cobham Cert., ¶ 8). As a result, Plaintiff's criminal case was reassigned to another pool attorney, John Zunic, on January 17, 2006. (Def. Statement, ¶ 22). Plaintiff's second trial began on January 23, 2007. (Cobham Cert., ¶ 9). The jury returned a guilty verdict as to all counts on March 5, 2007. (Id.).

In the meantime, Plaintiff had commenced the instant cause of action in March 2006, seeking damages for alleged violations of his constitutional rights arising from his criminal prosecution in Hudson County.[4] Plaintiff's Complaint originally alleged § 1983 claims against certain police

---

address and zip code, was, in fact, delivered. See CM/ECF Docket Entry No. 34.

[3] This factual history is derived from Defendants' submissions, as well as Plaintiff's Complaint. To the extent that any facts are in dispute, such are viewed in the light most favorable to Plaintiff, the non-movant. See, e.g., Mellott v. Heemer, 161 F.3d 117, 120 n.2 (3d Cir. 1998).

[4] Given that the Complaint was filed after Plaintiff's first trial, but before his second trial, the allegations against the Public Defender Defendants set forth therein relate generally to their alleged misconduct during the time period leading up to and during Plaintiff's first criminal trial.

officers, judges, prosecutors and public defenders.[5]  By way of Opinion and Order dated October 4, 2006, Plaintiff's claims against Judges Vazquez, Callahan and Venable and Prosecutor DeFazio, Assistant Prosecutor LeDoux and State Attorney General were dismissed by this Court.  Remaining in this case are the following Defendants: Police Officers Raymond Weber, Joseph Stetzle and John Traynor (collectively "Police Defendants"), as well as Public Defenders Yvonne Segars, Joan Bowser, and Denise Cobham, and Public Defender Pool Attorneys Anthony Gualano and Louis Serterides (collectively "Public Defender Defendants").

Plaintiff makes the following general allegations against the Public Defender Defendants: (a) Anthony Gualano violated his constitutional right to effective assistance of counsel by failing to file motions on his client's behalf, and by conspiring with the Hudson County Prosecutors Office to secure a conviction; (b) Louis Serterides violated his constitutional right to effective assistance of counsel by failing to provide him with legal documents which he had requested, failing to file motions on his behalf, and otherwise engaging in insulting behavior; (c) Denise Cobham violated his constitutional right to effective assistance of counsel by failing to respond to Plaintiff's letters; (d) Yvonne Segars violated his constitutional right to effective assistance of counsel by failing to respond to Plaintiff's letters; and (e) Joan Bowser violated his constitutional right to effective assistance of counsel by failing to respond to Plaintiff's letters.

On August 13, 2007, the Public Defender Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Public Defender Defendants present the following arguments in support of their motion: (1) they were not acting under color of state law and are thus not subject to liability under § 1983, (2) there is insufficient evidence to establish that Defendants Gualano and Serterides acted under color of state law by conspiring with the prosecution, (3) Plaintiff's rights were not violated because he received assistance from his defense counsels, and (4) in any event, they are entitled to summary judgment because Plaintiff did not sustain any damages.

## II.     Legal Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial.  Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  See Celotex, 477 U.S. at 324.  Further, the

---

[5]  Jurisdiction is premised on 28 U.S.C. § 1331.

non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment.  See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).  With this framework in mind, the Court turns now to Defendants' arguments.

### III.   Discussion

Plaintiff claims that the Public Defender Defendants, while acting under color of state law, violated Plaintiff's Sixth Amendment right to effective assistance of counsel, pursuant to 42 U.S.C. § 1983.[6]  In order to establish § 1983 liability, a plaintiff must show "that the official acting under color of state law caused the deprivation of a federal right." Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  This is because § 1983 itself is not a source of substantive rights, but provides a vehicle for vindicating the violation of rights created by the United States Constitution or federal law. See Graham v. Connor, 490 U.S. 386, 393-94 (1989); Morse v. Lower Merion School Dist., 132 F.3d 902, 907 (3d Cir.1997).  Thus, in order to succeed on his § 1983 claims Plaintiff must demonstrate that the Public Defender Defendants (1) were acting under color of state law, and (2) while acting as such, deprived him of a constitutional or federal right.

"A plaintiff cannot state a viable claim under § 1983 without alleging that the violation of federal rights of which he complains 'was committed by a person acting under color of state law.'" Anderson v. Keim, 247 Fed. Appx. 347, 348 (3d Cir. 2007) (citing Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005)).  Public Defender Defendants argue that Plaintiff's § 1983 claim – as against each Public Defender Defendant – fails because they were not acting under color of state law while serving as public defenders. (Def. Br. at 10).  This Court agrees that, generally, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson,  454 U.S. 312, 325 (1981).[7]  However, "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984).

---

[6] Section 1983 states in relevant part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

[7] See also Harmon v. Delaware Sec'y of State, 145 Fed. Appx. 283 (3d Cir. Nov. 8, 2005) ("It is well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law.").

4

Thus, the Public Defender Defendants can only be liable under § 1983 for the misconduct alleged if they conspired with state officials to deprive Plaintiff of his constitutional rights. See, e.g., Stankowski v. Farley, No. 07-2792, 2007 WL 3089539, at *2 (3d Cir. Oct. 24, 2007). Plaintiff does not allege – much less demonstrate – that Defendants Segars, Bowser and/or Cobham conspired with the prosecution, or otherwise exceeded their traditional function as counsel to Plaintiff. In fact, there is no evidence before this Court indicating that Defendants Segars, Bowser or Cobham actually served as counsel to Plaintiff in his criminal proceedings. See Def. Statement, ¶ 23. Thus, Plaintiff cannot show that Defendants Segars, Bowser or Cobham are state actors subject to liability under § 1983. Accordingly, Plaintiff fails to state a claim against said Defendants. See, e.g., Anderson v. Keim, 247 Fed. Appx. 347, 349 (3d Cir. Sept. 13, 2007) (finding that plaintiff's § 1983 claim "will not lie" against state-appointed criminal defense attorney).

By contrast, Plaintiff does allege that Defendants Gualano and Serterides conspired with the prosecution. For instance, Plaintiff alleges that Defendant Gualano "conspired with the Hudson County Prosecutors Office to secure a conviction," and that "evidence of these allegations are contained in my legal documents."[8] (Compl., "The Public Defenders" Section). Similarly, Plaintiff alleges that Defendant Serterides made continued attempts to "provide the state with a conviction by refusing to call defense witnesses to testify." (Id.). Although Plaintiff utilizes the word "conspired," Plaintiff does not provide the facts necessary to demonstrate any type of agreement or understanding between (a) Defendant Gualano and the prosecution, or (b) Defendant Serterides and the prosecution, to deprive Plaintiff of his constitutional rights.[9] In fact, Plaintiff provides absolutely no facts in support of his allegation that Defendant Gualano conspired with the prosecution in order to secure a conviction. By the same token, the mere fact that Defendant Serterides called no defense witnesses, and that Plaintiff's trial subsequently resulted in a hung jury "is insufficient to give rise to an inference of an agreement" between the Defendants to deprive Plaintiff of his rights. Jiricko v. Allison, No. 06-4609, 2007 WL 4554316, at *2 (3d Cir. Dec. 28, 2007). Such bare allegations of a conspiracy are entirely conjectural and "fall well short of satisfying the liberal notice-pleading standard of Fed. R. Civ. P. 8(a)." id. (citing Kanter v. Barella, 489 F.3d 170, 175 (3d Cir. 2007)). Thus, Plaintiff has not demonstrated that Defendants Gualano or Serterides are state actors subject to liability under § 1983. Accordingly, Plaintiff fails to state a claim against Defendants Gualano and Serterides.[10]

---

[8] The Court has been provided with no such documents.

[9] See, e.g., Albrecht v. Hamilton, 233 Fed. Appx. 122, 125 (3d Cir. 2007) (finding that plaintiff failed to sufficiently allege conspiracy between defense counsel and prosecution where plaintiff "does not suggest that the prosecutor entered into an agreement with the defense, nor does he allege any facts from which we can infer that the prosecution shared the defendants' motivation to deprive him of his constitutional rights."); Hammond v. Creative Fin. Planning Org., Inc., 800 F. Supp. 1244 (E.D. Pa. 1992) (noting that "plaintiff must make specific factual allegations of combination, agreement or understanding" between private actors and state actors to properly plead a conspiracy theory).

[10] Because the Court finds that the Public Defender Defendants were not acting under color of state law, the Court need not address whether their alleged actions deprived Plaintiff of a

**IV.     Conclusion**

      For the reasons set forth above, Plaintiff has failed to demonstrate that the Public Defender Defendants are subject to liability under § 1983.  The Public Defender Defendants' motion for summary judgment is, therefore, granted in its entirety.  An appropriate Order accompanies this Letter Opinion.

                                    /s/ Jose L. Linares
                                    United States District Judge

---

constitutional right.  Even if Plaintiff had demonstrated that the Public Defender Defendants were state actors subject to liability under § 1983, the Court would, in any event, grant summary judgment as to the Public Defender Defendants, inasmuch as Plaintiff has failed to demonstrate that but for the alleged misconduct of the Public Defender Defendants, Plaintiff's first trial would have resulted any differently, or that he was otherwise prejudiced by their conduct.  See, e.g., Strickland v. Washington, 466 U.S. 668, 694 (1984).  To the contrary, Plaintiff concedes that his first trial did not result in a conviction, and that "Mr. Serterides, did in fact, do a fairly good job." (Compl., "The Public Defender" Section).   Thus, Plaintiff has not demonstrated that the performance of the Public Defender Defendants prejudiced his defense – in any way.  As a result, Plaintiff's § 1983 claim as against said Defendants would, nevertheless, fail.

6